IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 110-090 |
| DENNIS BROWN, Warden, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 9). The Magistrate Judge recommended dismissal for failure to state a claim because Plaintiff attempts to recover for emotional injury suffered while in custody without alleging physical injury, which is prohibited under 42 U.S.C. § 1997e(e). (Doc. no. 7, pp. 3-4.) The Magistrate Judge also recommended dismissal because Plaintiff's allegations about Defendants' purported mishandling of his grievances failed to state a claim, and because Plaintiff's removal from the cell he shared with an allegedly dangerous cell mate rendered his claim for injunctive relief moot. (Id. at 4-7.)

In his objections, Plaintiff contends that he can recover for psychological injuries. (Doc. no. 9, pp. 3-4.) However, the cases he cites for this proposition are inapposite. For example, Plaintiff cites Ferrill v. Parker Group, Inc., 168 F.3d 468 (11 Cir. 1999), for the proposition that a plaintiff bringing a civil rights claim may be compensated for

psychological damages. While the court in Ferrill indeed approved the recovery of such damages in a civil rights claim, it did so in the context of an employment discrimination action brought pursuant to 42 U.S.C. § 1981. 168 F.3d at 471. Moreover, the plaintiff in Ferrill was not incarcerated, and therefore was not subject to § 1997e(e)'s prohibition on prisoner claims for mental injuries without a corresponding physical injury. Id. The other case cited by Plaintiff – Perkins v. Kansas Dep't of Corr., 165 F.3d 803 (10th Cir. 1999) – is likewise insufficient to support Plaintiff's contention that he is entitled to proceed on his mental damage claim. The court in Perkins specifically noted that the plaintiff had alleged physical harm in addition to his emotional damages, which is not the case here.[1] See 165 F.3d at 807 ("Plaintiff does allege physical harm as well . . . ."). Plaintiff's remaining objections also lack merit; thus, all Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** and this civil action is **CLOSED**.

SO ORDERED this 5th day of January, 20 11, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although Plaintiff uses the phrase "physically terrorized" in his objections, there is no actual physical harm described in Plaintiff's complaint or objections. While Plaintiff alleges a stabbing incident involving his abusive cell mate in his objections, Plaintiff makes clear that another inmate was the victim in that incident. (See doc. no. 9, p. 2.)

2